IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD RAMON QUINTANA,

      Plaintiff,

vs.                                                                                    Civil No. 09-075 RHS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

## MEMORANDUM OPINION AND ORDER

      1. THIS MATTER comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum ("Motion"), filed July 10, 2009 **[Doc. No. 18]**. Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying the Plaintiff's applications for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act. Having considered the parties' submittals, the administrative transcript ("Tr."), the relevant authorities, and being otherwise advised in the premises, the Court will grant Plaintiff's Motion and remand this matter for further proceedings.

      2. Plaintiff applied for benefits on May 30, 2006, alleging a disability that commenced on March 31, 2000 due to "[s]chizophrenia/depression." (Tr. at 11, 73). Plaintiff alleged that his ability to work was limited because "I hear voices in my head really bad. I can't focus and I get really bad headaches." (Tr. at 73-74). In a Disability Report-Appeal-Form SSA-3441 dated August 3, 2007, Plaintiff stated that he "can't sleep, nervous, anxiety, voices are louder and seeing things (people) [sic]." (Tr. 59). During a hearing held before an Administrative Law Judge ("ALJ") on January 9, 2008, Plaintiff testified that his schizophrenia and lack of reading

skill were holding him back. (Tr. 408). Plaintiff also indicated that he was receiving methadone and attending AA meetings at "a treatment center." (Tr. 409-10).

3. Plaintiff was born on June 20, 1976 and has worked in the past as a field canvasser, construction laborer, photo retoucher and tattoo artist. (Tr. 20, 58). Plaintiff testified that the highest grade he completed in school was eleventh grade and that he attended special education courses in "everything" since second grade. (Tr. 400; 77-78 (Disability Report-Adult-Form SSA-3368, dated August 3, 2007)). Plaintiff testified that after leaving school, he "tried to go get my GED" without success. (Tr. 400-02).

4. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. Id. (citation omitted).

5. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." Thompson, 987 F.2d at 1486 (citing 42 U.S.C. §423 (d)(1)(A)); see also § 1382c(a)(3)(A). Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. Id.; see 20 C.F.R. §§ 404.1520(a - f); 416.920. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. Id. (citations omitted).

6. At the first four levels of the evaluation, the claimant must show: (1) that he is not working; (2) that he has an impairment or combination of impairments severe enough to limit the

ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that he is unable to perform work done in the past.  Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir. 1988).  At the fifth step, the Commissioner must produce evidence regarding the claimant's ability to perform other work.  Reyes, 845 F.2d at 243.

      7.  In addition, when a claimant is found to be disabled and there is medical evidence of a substance abuse disorder, the Commissioner "must determine whether [the claimant's] drug addiction or alcoholism [("DAA")] is a contributing factor material to the determination of disability."  20 C.F.R. § 404.1535(a).  The key factor the Commissioner examines in determining whether DAA is a "contributing factor material to the determination of disability" is whether a disabled claimant with DAA would still be found disabled if he "stopped using drugs or alcohol."  § 404.1535(b)(1).

      8.  At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since his alleged disability onset date (Tr. 14 ¶ 2).  At step two, the ALJ found that Plaintiff "has the following severe impairments: polysubstance abuse; alcohol abuse; and, an affective disorder (20 CFR 404.1520(c) and 416.920(c))."  (Tr. 14 ¶ 3).  At step three, the ALJ found that Plaintiff's impairments, "*including the substance use disorders*, meet sections [("Listings")] 12.04 and 12.09 of 20 CFR Part 404, Subpart P, Appendix 1."  (Tr. 15  ¶ 4 (emphasis added)).  However, the ALJ further found that if Plaintiff "stopped the substance abuse . . . [he] would *not* have an impairment or combination of impairments that meets or medically equals" a Listing.  (Tr. 16 ¶ 6 (emphasis added)).  At step four, the ALJ determined that, even if Plaintiff stopped the substance abuse, he "would be unable to perform [his] past relevant work."  (Tr. 19 ¶ 8).  Finally, at step five, the ALJ concluded that a finding of "not

disabled" was appropriate, because if Plaintiff "stopped the substance abuse . . . [he] would be capable of making a successful adjustment to work that exists in significant numbers in the national economy."  (Tr. 21).

## *Discussion*

9.  Plaintiff raises the following allegations of error with respect to the ALJ's decision: (1)  the ALJ's residual functional capacity ("RFC") assessment is contrary to law; (2) the ALJ's reliance on vocational expert ("VE") testimony is contrary to the evidence and the law; (3) the ALJ's materiality finding is contrary to law; (4) the ALJ erred in analyzing the consultative examiner's ("CE's") opinion; and (5) the ALJ's credibility determination is contrary to law. (See  Motion at 3).  The Commissioner submitted a response in opposition to Plaintiff's Motion.

*Allegation of Error V - Credibility Determination*

10.  The Court will first address Plaintiff's allegations of error concerning the credibility determination because the ALJ's credibility findings potentially affect the assessment of Plaintiff's RFC and any hypotheticals presented to a VE.  The Court ordinarily defers to the ALJ as trier of fact on credibility.  Thompson, 987 F.2d at 1489 (citations omitted).  "Credibility determinations are peculiarly the province of the finder of fact, and [the Court] will not upset such determinations when supported by substantial evidence."  Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005).  At the same time, "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Id.

11.  The ALJ found that while Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms . . . [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they

are inconsistent with the residual functional capacity assessment . . . ." (Tr. 17). The ALJ discounted Plaintiff's credibility based on various inconsistencies in his statements and other record evidence regarding his education, work history and substance abuse. While Plaintiff agrees that these inconsistencies are problematic, he contends that evidence in the record supports his claim of disability.

12. The Court finds that the ALJ adequately set forth his reasons for discounting Plaintiff's credibility. Plaintiff does not contend that the ALJ failed to closely and affirmatively link his credibility findings to substantial evidence. Accordingly, the Court finds that the ALJ did not err in reaching his credibility determination. Plaintiff further alleges that the ALJ improperly relied on Plaintiff's lack of credibility to support his RFC finding. The Court will address this allegation of error below.

*Allegations of Error I and III - RFC Finding and Materiality Finding*

13. In determining whether substance abuse is a contributing factor material in determining Plaintiff's disability claim, the ALJ must evaluate which of Plaintiff's physical and mental limitations would remain if he stopped using alcohol and/or drugs. In a teletype addressing this issue, the Commissioner noted that "[t]he most complicated and difficult determinations of materiality will involve individuals with documented substance use disorders and one or more other mental impairments." Salazar v. Barnhart, 468 F.3d 615, 623 (10th Cir. Oct. 5, 2006) (citation omitted). The Commissioner stated that the "most useful evidence that might be obtained in such cases is that relating to a period when the individual was not using drugs/alcohol." Id., 468 F.3d at 623 (citation omitted). If "it is not possible to separate the mental restrictions and limitations imposed by DAA and the various other mental disorders shown by the evidence, a finding of 'not material' would be appropriate." Id., 468 F.3d at 623

(citation omitted).

      14.  In this case, the ALJ determined at step three that if Plaintiff's substance abuse ceased, "his remaining limitations would not meet or medically equal the criteria of listing 12.04." (Tr. 16).  Specifically, the ALJ found that Plaintiff would have: (1) no restrictions in his activities of daily living, (2) moderate limitations on social functioning, (3) moderate difficulties with concentration, persistence or pace, and (4) no episodes of decompensation.  (Tr. 16).

      15.  Noting that the mental RFC used at steps four and five "requires a more detailed assessment," the ALJ "translated" his step three findings into the work-related functions contained in the following RFC assessment:

> If the claimant stopped the substance use . . . [he] would have the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations: the need to perform in a position primarily dealing with things rather than people; limited to only occasional contact with the public or coworkers; limited to work involving low stress defined as only occasional decision-making required and only occasional changes in the works [sic] setting; and, limited to jobs involving simple tasks.

(Tr. 16-17 (citing Social Security Ruling ("SSR") 96-8p)).

      16.  Plaintiff correctly points out that discounting Plaintiff's credibility "does not compel a finding of not disabled.  Rather, the credibility determination is just a step on the way to the ultimate decision.  The ALJ must also determine whether [Plaintiff] has an RFC level and can perform the full range of work at his . . . RFC level on a daily basis." Thompson, 987 F.2d at 1491 (citations omitted).  "The ALJ should assess RFC once, in detail, at step four." Adkins v. Barnhart, 80 Fed.Appx. 44, 48, 2003 WL 22413920, at **4 (10th Cir. Oct. 23, 2003) (citing Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996) (other citations omitted)) (not selected for publication).  Moreover, "[t]he ALJ must make specific findings as to RFC and these findings must be supported by substantial evidence." Id. (citations omitted).

17.  In this case, the ALJ determined that, in the absence of substance abuse, Plaintiff would retain the mental RFC set forth above.  However, the ALJ did not point to any substantial record evidence in support of his assessment of Plaintiff's mental limitations and restrictions.  Although the ALJ stated that he "considered the opinion evidence[,]" the Court is not aware of any medical source opinion which assesses or predicts Plaintiff's mental RFC in the absence of substance abuse.[1]  (Tr. 17).  Moreover, the ALJ did not assert that his assessment is based on evidence relating to a period of time when Plaintiff was not abusing drugs or alcohol.

18.  The ALJ stated that Plaintiff's RFC assessment "is supported by reports from . . . [his] treating facilities[,] especially reports from UNMH Mental Health and Psychiatric Center."  (Tr. 19).  However, the ALJ does not identify any report, and the Court is not aware of any, in which Plaintiff's mental RFC is predicted or assessed in the absence of DAA.  Thus, there does not appear to be any positive evidence to support the ALJ's mental RFC assessment of Plaintiff's mental limitations and restrictions in the absence of DAA.  Accordingly, this matter should be remanded for a re-assessment of Plaintiff's mental RFC.

19.  An ALJ must "make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC."  SSR 96-8p.  Because a disability hearing is non-adversarial, the ALJ is obligated to develop the record, even where a claimant is represented by counsel.  Thompson, 987 F.2d at 1492.  To obtain evidence of Plaintiff's mental RFC on remand, the ALJ may re-

---

[1] The ALJ did not specifically cite to the opinions of the state agency non-examining physicians, who concluded that Plaintiff was not disabled because his "DAA is material."  (Tr. 222).  (See tr. 203, 210-22).  In any event, the state agency physicians did not offer an opinion regarding Plaintiff's mental limitations or restrictions absent DAA.

contact a treating physician or other medical sources.[2]  See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2001) (citations omitted); 20 C.F.R. § 404.1512(e) (recontacting medical sources); see also Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004).  In addition, the ALJ has the authority to subpoena records and testimony, or he may choose to order a consultative examination.  See § 404.950(d)(1); § 404.1512(f).

20. Because this matter will be remanded for further proceedings, to include development of the record as appropriate, and a re-assessment of Plaintiff's mental RFC, there is no need to address Plaintiff's remaining allegations.  On remand, the Commissioner should proceed as necessary, based on the receipt of additional evidence and the re-assessment of Plaintiff's mental RFC.

21.  Finally, in remanding this matter, the Court does not intend to direct any particular result with respect to the Commissioner's ultimate determination on the issue of whether Plaintiff is disabled.  On remand, the Court emphasizes only that substantial evidence must support the Commissioner's findings and the correct legal standards must be applied in reaching a decision.

**WHEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum **[Doc. No. 18]** is **granted** and this matter is **remanded** to the Commissioner for additional proceedings consistent with this opinion to include:

(a) development of the record, as appropriate;

---

[2] For example, the Commissioner may submit appropriate interrogatories to a treating physician and/or the CE psychologist (Dr. Padilla) to obtain evidence upon which to base an RFC finding.

(b) a re-assessment of Plaintiff's mental RFC; and

(c) further proceedings, as necessary, based on the receipt of additional evidence and the re-assessment of Plaintiff's RFC.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE